**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Case No. 04-cr-211-01-SM
                                              06-cr-055-01-SM

<u>Delvis Damian Villa Diaz</u>

## O R D E R

Defendant has filed an identical motion to reduce his sentence in each of the above-referenced cases based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 26 in 04-cr-211-01); (document no. 11 in 06-cr-055-01). He has also filed a motion to proceed in forma pauperis in those cases (document no. 27 in 04-cr-211-01); (document no. 12 in 06-cr-055-01). For the reasons stated below, these motions are DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides

a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The presentence report (using the November 1, 2005 edition of the Guidelines Manual with the emergency guideline amendments effective March 27, 2006) determined the defendant was responsible for 14.82 grams of cocaine base (the equivalent of  297 kilograms of marijuana), 10.2 grams of heroin (the equivalent of 10.2 kilograms of marijuana), and 29.83 grams of cocaine powder (the equivalent of 5.966 kilograms of marijuana) which resulted in the

2

equivalent of a total of 313.17 kilograms of marijuana and a base offense level of 26 (for offenses between 100 and 400 kilograms of marijuana).  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 23.  A two level reduction for the possession of a dangerous weapon was not applicable because the defendant was convicted of Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

At the sentencing hearing on July 27, 2006, there were no objections to the presentence report.  The Court adopted the facts and findings in the report, determined the total offense level to be 23, the criminal history category to be I, and the advisory guideline range to be 60 months, plus the mandatory consecutive term of 60 months.  The defendant was sentenced to 120 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and four years of supervised release.

After applying the retroactive application of the crack cocaine amendment, the defendant is not entitled to receive a two level reduction in his drug guideline calculation.  The 14.85 grams of crack cocaine results in a lower marijuana equivalent of 237.6 kilograms; however, when this figure is added to the marijuana equivalent for the heroin and powder cocaine amounts,

the total marijuana equivalent is 253.766 and remains at a base offense level of 26 (for offenses that involved between 100 and 400 kilograms of marijuana).  Even if the drug weight calculation was reduced, the defendant still is subject to a statutory five year mandatory minimum sentence followed by a five year mandatory consecutive sentence for the firearm charge.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the amendment does not have the effect of lowering the defendant's applicable guideline range.

Therefore, for the foregoing reasons, defendant's motions to reduce sentence (document no. 26 in 04-cr-211-01); (document no. 11 in 06-cr-055-01) are DENIED.  As there is no filing fee associated with the filing of these motions, the defendant's motions to proceed in forma pauperis in those cases (document no. 27 in 04-cr-211-01); (document no. 12 in 06-cr-055-01) are DENIED as moot.

**SO ORDERED.**

Date:   April 3, 2008         _____
                              Steven J. McAuliffe
                              United States District Judge


cc:  Delvis Damian Villa Diaz, pro se
     Counsel of Record

4